**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN JULIAN HUMPHREY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN DIEGO; OFFICER DOE 1; et al.,<br><br>　　　　　Defendants. | Case No.: 25-cv-00813-DMS-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |

On April 4, 2025, Plaintiff Christian Julian Humphrey, proceeding pro se, filed a Complaint against the City of San Diego; Jajuan Henderson, a private individual; and various police officers (collectively, "Defendants"). (Plaintiff's Complaint ("Compl."), ECF No. 1). Plaintiff concurrently filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

### I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5. The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include

a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

Plaintiff's affidavit of assets is sufficient to show he is unable to pay the filing fee. Accordingly, this Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See Beasley v. San Diego Cnty. Sheriff's Dep't*, 2023 WL 4918306, at *1 (S.D. Cal. Aug. 1, 2023) (declining to impose partial filing fee due to defendant's inability to pay).

## II.  SUA SPONTE SCREENING

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court. "[T]he court shall dismiss" a case filed IFP "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

### A. Plaintiff's Allegations

Plaintiff's allegations are based on two incidents. (*See generally* Compl.). On December 18, 2023, Plaintiff alleges that Defendant Henderson, a private individual, sexually assaulted Plaintiff by inserting his fingers into Plaintiff's rectum without Plaintiff's consent. (*Id.* at 5, 11). After the police arrived at the scene, Plaintiff contends that Defendants Officer Doe 1 and Officer Doe 2 failed to offer medical assistance or hear Plaintiff out. (*Id.* at 5). Instead, Defendants allegedly arrested Plaintiff "without providing any explanation . . . of the specific charges." (*Id.*); (*see also id.*) ("Plaintiff's Miranda rights

were never read, and they were not informed of the reason for arrest at the time."). Plaintiff alleges he learned of the charge—assault with a deadly weapon—only after he was "handcuffed, detained, and transported to the station." (*Id.* at 12). According to Plaintiff, his sexual assault went undocumented and unacknowledged. (*Id.*).

Months later, on August 17–18, 2024, Defendant Henderson allegedly "appeared at [P]laintiff's home, trespassed, attempted to slash . . . [P]laintiff's tires, damaged property, and physically assaulted . . . [P]laintiff." (*Id.* at 5). When Defendants Officer Doe 3 and Officer Doe 4 came to Plaintiff's home in response to the incident, Plaintiff alleges that they failed to document or collect evidence. (*Id.*).

**B. Legal Standard**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a judge assesses plausibility, he must draw on "judicial experience and common sense." *Id.* at 664.

Rule 8 may be violated when a pleading "says too little," or when it "says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding dismissals for those reasons).

**C. Analysis**

At this stage in the litigation, the Court is satisfied that Plaintiff's Complaint does not fall within the ambit of § 1915(e)(2)(B). On a liberal reading of the Complaint alone, the Court finds that Plaintiff's allegations are "sufficient to warrant . . . an answer". *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also id.* at 1121 ("We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted). Because Plaintiff's Complaint pleads factual content that broadly states a claim to relief, Plaintiff's claims—which can be parsed through at a later juncture—survive.

### III.   CONCLUSION AND ORDER

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and orders as follows:

1. The United States Marshal shall serve a copy of the Complaint, summons, and this Order granting Plaintiff leave to proceed IFP upon Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants or counsel for Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: April 11, 2025

_____
Hon. Dana M. Sabraw

1                                  United States District Judge